UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALEXANDER ARMALIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-00106-WTL-MJD |
| | ) |
| BRETT GRIDER sue in his official capacities, | ) |
| KIM DABB Officer, sue in their individual, | ) |
| CLARK Officer, sue in their individual, | ) |
| MOORE Officer, sue in their individual, | ) |
| HENRY COUNTY JAIL, | ) |
| | ) |
| Defendants. | ) |

**Amended Entry Granting Motion to Proceed *In Forma Pauperis*,
Discussing Complaint, and Directing Service of Process**

This Entry is being reissued because the distribution of the original was inadvertently issued to the defendants at the Grant County Jail instead of the Henry County Jail.

**I. Motion to Proceed *In Forma Pauperis***

The plaintiff's request to proceed *in forma pauperis,* Dkt. No. 2, is **granted**. The assessment of even an initial partial filing fee is waived because the plaintiff has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Notwithstanding the foregoing ruling, "[a]ll [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Background**

The plaintiff is a prisoner currently incarcerated at the Grant County Jail. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28

U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III. Screening of the Complaint

The plaintiff brings this action pursuant to 42 U.S.C. § 1983 against several defendants, who were all employees of the Henry County Jail ("the Jail"), as well as against the Jail itself. The individual defendants are: 1) Brett Grider; 2) Officer Kim Dabb; 3) Officer Clark; and 4) Officer Moore. The plaintiff seeks compensatory damages and that the Jail be closed down and condemned. He was a pretrial detainee at the time of the alleged events.

The plaintiff alleges that on February 26, 2016, at approximately 8:30 p.m., a fire was started in his cell block by another inmate. About six minutes later, Officer Kim Dabb entered the block and noticed the block was filled with smoke. About four minutes later, Officer Clark entered the dorm to investigate the fire and found a pair of state-issued pants that were burning. Officer Clark removed the pants the left the dorm, not realizing that the fire was not put out all of the way. The inmates were yelling because they could not breathe due to the smoke. Officers Clark, Moore, and Dabb returned and realized that the smoke was still accumulating. Officer

Clark used the fire extinguisher in an attempt to put out the fire completely. Officer Clark was upset. He slammed the door and left the dorm, trapping the plaintiff and other inmates in the dorm breathing the air filled with smoke and now toxic chemicals from the extinguisher. At approximately 8:43 p.m., thirteen minutes after the fire started, the plaintiff and other inmates were still yelling, trying to get the attention of the officers. Officers Moore, Dabb, and Clark returned and discovered the fire had still not been put out completely. The fire extinguisher was used a second time in an effort to put out the fire. The plaintiff and other inmates asked these officers several times to be removed from the dorm due to breathing the thick black smoke and being exposed to toxic chemicals. Officer Clark responded that because an inmate started the fire, the inmates would have to deal with the chemicals and smoke. Officers Moore and Dabb agreed with Officer Clark. The officers again left the dorm.

At 8:53 p.m., the fire department was called to make sure the fire had been completely put out. When the smoke had increased to the point of the plaintiff not being able to see anything within a couple of feet from his face due to his eyes burning, he and the other inmates were removed from the dorm and taken to the recreation room. At 8:55 p.m., the fire department arrived along with the jail commander, Brett Grider. At 8:57 p.m., Commander Grider and Officer Moore came to the recreation room to talk to the inmates about the fire. The plaintiff complained about having chest pains and having trouble breathing. His vital signs were taken and he was given a mat and placed back in the recreation room. At 10:30 p.m., the fire department informed Commander Grider that the fire had been properly extinguished. The inmates were placed back in the dorm and were told to clean up the chemicals left from the fire extinguisher without proper gloves or masks.

Any claim against the Jail itself is **dismissed for failure to state a claim upon which relief can be granted** because the Jail is a building, not a suable entity under these circumstances.

The plaintiff alleges that the individual defendants were deliberately indifferent to his health and safety. In light of the liberal standard in construing a *pro se* inmate's allegations, the above allegations are sufficient to state a claim of deliberate indifference. *See Minix v. Canarecii,* 597 F.3d 824, 831 (7th Cir. 2010) (applying same Eighth Amendment deliberate indifference standard to pretrial detainees under the Due Process Clause of the Fourteenth Amendment).

### IV. Report Change of Address

The *pro se* plaintiff shall report any change of address within seven (7) days of any change. The Court must be able to communicate with the plaintiff. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### V. Service of Process

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants 1) Brett Grider; 2) Officer Kim Dabb; 3) Officer Clark; and 4) Officer Moore, in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 2/7/18

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ALEXANDER ARMALIN
30833
GRANT COUNTY JAIL - IN
214 E. Fourth Street
Inmate Mail/Parcels
MARION, IN 46953

Jail Commander Brett Grider
HENRY COUNTY JAIL
127 N. 12th Street
New Castle, IN 47362

Officer Kim Dabb
HENRY COUNTY JAIL
127 N. 12th Street
New Castle, IN 47362

Officer Clark
HENRY COUNTY JAIL
127 N. 12th Street
New Castle, IN 47362

Officer Moore
HENRY COUNTY JAIL
127 N. 12th Street
New Castle, IN 47362